
FILED

NOT FOR PUBLICATION

JUN 11 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOLORSUKH MUNKHTUMUR;<br>BAATARTSOGT ERDENETSETSEG,<br><br>   Petitioners,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>   Respondent. | No. 11-70740<br><br>Agency Nos. A088-558-350<br>      A088-558-351<br><br><br><br>MEMORANDUM* |
| BOLORSUKH MUNKHTUMUR;<br>BAATARTSOGT ERDENETSETSEG,<br><br>   Petitioners,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>   Respondent. | No. 13-71355<br><br>Agency Nos. A088-558-350<br>      A088-558-351 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 8, 2015**

Before:        HUG, FARRIS, and LEAVY, Circuit Judges.

In these consolidated petitions for review, Bolorsukh Munkhtumur petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum and Munkhtumur and her husband, Baatartsogt Erdenetsetseg, petition for review of the BIA's order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

In her petition for review of the BIA's order dismissing her appeal, Munkhtumur contends that she was persecuted on the basis of her membership in a family, which is a social group. However, she did not exhaust this argument before the immigration judge and the BIA, and we therefore do not have jurisdiction to consider this argument. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that 8 U.S.C. § 1252(d)(1) mandates exhaustion and bars this court from reaching the merits of a legal claim not presented in administrative proceedings). In addition, by failing to challenge the BIA's rulings rejecting the nexus arguments raised in the administrative proceedings, she has waived those

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

issues regarding nexus. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Because the nexus holding alone is sufficient to support the denial of asylum, we deny the petition for review challenging the BIA's denial of relief. *See Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009) (recognizing that proper nexus finding alone would be adequate to support IJ's conclusion that petitioner had not demonstrated eligibility for asylum).

Petitioners challenge the BIA's denial of their motion to reopen.[1] The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. The motion was filed more than 90 days after the BIA's order dismissing their appeal and petitioners failed to establish that they acted with the due diligence required to warrant tolling of the 90-day filing deadline with respect to any of the issues they raised in their motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2); *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud, or error only if the petitioner exercises due diligence in discovering such circumstances). It follows that petitioners' due process claim fails. *See Colmenar v. INS*, 210 F.3d

---

[1]Petitioners contend that the immigration judge did not address the domestic violence issue, that counsel and the BIA did not address that issue on appeal, and that the BIA did not address the issue in its order denying the motion to reopen. The record belies these contentions.

967, 971 (9th Cir. 2000) (recognizing that a due process violation occurs only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case).

**PETITIONS FOR REVIEW DENIED**.